UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KERRY LEE SWITZER, JR.<br><br>                  Plaintiff,<br><br>   v.<br><br>DONALD TRUMP, *et al.*,<br><br>                  Defendants. | Civil Action No. 22-2860 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Kerry Lee Switzer, Jr., proceeding pro se, filed a civil complaint against former President Donald Trump and Secretary of Defense Lloyd J. Austin III. ECF 1. In the pleading, Switzer alleges unspecified violations of 18 U.S.C. §§ 201, 641, 2381, 2384, 2390, 1028A, 1030(a)(4) and 1343, along with violations of an "International Code of Conduct," cyber terrorism, treason, embezzlement, tax evasion, fraud, identity theft, and "pandemic theft." *Id.* at 3–4. Switzer seeks damages of $3,000,000,000. *Id.* at 4, 6. Defendants have not yet been served Switzer's Complaint. ECF 2. The Court **DISMISSES** the Complaint because it fails to satisfy Rule 8's pleading standards and does not state any viable claims.

Under the Federal Rules of Civil Procedure, every civil complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Civil complaints need not include "detailed factual allegations," but there must be enough factual information "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

But "[e]ven pro se litigants [] must comply with the Federal Rules of Civil Procedure." *Butler v. Cal. State Disbursement Unit*, 990 F. Supp. 2d 8, 8–9 (D.D.C. 2013).

Switzer's Complaint fails to do so. The Complaint does not include any factual allegations that explain when, where, or how Switzer was harmed by Defendants and states no viable claims about which the Court is aware. Even more, Switzer appears to seek to enforce certain federal criminal statutes, which Switzer cannot do as a private citizen. *See Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C. Cir. 1986).

Switzer's Complaint is therefore dismissed for failure to comply with Rule 8(a). The Court recognizes that dismissing a case *sua sponte* is an unusual step, but the Court has the power to do so when a plaintiff fails to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. Feb. 5, 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim for failure to comply with Rule 8(a)).

Second, the Court may, "[n]otwithstanding any filing fee," dismiss a case *sua sponte* when a complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Here, Switzer claims to be the victim of unspecified violations of an unidentified "International Code of Conduct" and seeks $3,000,000,000 because Defendants have been "violating Switzerlands sovereignty and stating victim is unknown international victim of ones own country while life was in peril." ECF 1 at 4. Because this Complaint fails to state a viable claim, dismissal is also warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is hereby **ORDERED** that Plaintiff's Complaint and this civil action are **DISMISSED**. An Order consistent with this Memorandum Opinion is issued separately.

**SO ORDERED.**

DATE: October 13, 2022

                                                            Hon. Jia M. Cobb
                                                            U.S. District Court Judge